**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

SHERRI WILLIAMS, Individually and as Administratrix of the ESTATE OF FRED R. WILLIAMS, JR.,

                            Plaintiff,

v.

THE COUNTY OF CAYUGA, et al.,

                            Defendants.

9:24-cv-1055
(ECC/PJE)

---

Allison L. Pardee, Esq., *for Plaintiff*
Frank W. Miller, Esq., *for Defendants*

**Hon. Elizabeth C. Coombe, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

Plaintiff Sherri Williams (Plaintiff), as administratrix of the Estate of Fred R. Williams, Jr. (Williams or decedent), initiated this action by filing a Complaint on August 27, 2024, alleging violations of the Eighth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983 and New York state laws in connection with the death of Williams while he was confined at the Cayuga County Jail. *See* Complaint (Compl.), Dkt. No. 1. Plaintiff names as defendants the County of Cayuga, Cayuga County Mental Health, Cayuga County Sheriff's Office, Cayuga County Jail, Cayuga County Sheriff Brian Schenck, and Cayuga County Jail staff John/Jane Doe #1 through John/Jane Doe #30. *Id.*

Presently before the Court is Defendants' motion to dismiss Plaintiff's Complaint. Dkt. No. 8. The motion is fully briefed. *See* Dkt. Nos. 12, 14. For the following reasons, the motion to dismiss is granted.

I.   **FACTS**[1]

In 2022, Williams was a 35-year-old individual "with a history of substance abuse, extensive mental health treatment, and suicide attempts." Compl. ¶ 28.

On June 23, 2022, Williams was remanded to the Cayuga County Jail, where he was held without bail, on a charge of Criminal Possession of a Weapon in the third degree and a parole warrant. Compl. ¶ 29. "Officers, deputies, employees and or agents of Defendants" John/Jan Doe #1 through John/Jane Doe #30 "subsequently transported, booked, screened, interviewed, and incarcerated" Williams at the Cayuga County Jail. *Id.* ¶ 30. Williams "was in the exclusive custody and care of Defendants and/or Defendants' agents, servants, assigns, and/or employees." *Id.* ¶ 31.

"Based upon his prior treatment with Cayuga County Mental Health, [Williams's] history was well-known to Defendants, having been treated by Cayuga County Mental Health and/or the Cayuga County Community Mental Health Center for suicidal statements and/or actions, suicide attempts, and/or other mental health crises on multiple occasions in the several years prior to his incarceration on or about June 23, 2022." Compl. ¶ 32. "Despite this known history . . . [Williams] was never given an adequate suicide screening/evaluation or psychological/mental screening/evaluation . . . when he was remanded to the Cayuga County Jail, or at any time thereafter." *Id.* ¶ 33. Nor was Williams "provided with continuity of care with respect to his mental health[.]" *Id.* Specifically, Williams' mental health records were not obtained by

---

[1] These facts are drawn from the Complaint. The Court assumes the truth of, and draws reasonable inferences from, the well-pleaded factual allegations, *see Lynch v. City of New York*, 952 F.3d 67, 74–75 (2d Cir. 2020), but does not accept as true any legal conclusions, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

2

Defendants "despite their ability to obtain [them], and his medications and treatment were not continued or provided, despite request." *Id.*

Williams exhibited "warning signs that [he] was suicidal and/or experiencing poor mental health . . . including refusing time out of his cell, refusing meals, getting into physical altercations with other inmates and acting destructively in his cell." Compl. ¶ 34. On November 23, 2022, Williams "refused time outside his cell." *Id.* The afternoon of November 24, 2022, Williams "again declined time outside his cell and slammed his door shut when it was opened by corrections staff[.]" *Id.* "[T]he facility log book specifically noted that this was 'not [Williams'] typical behavior' and that he did not 'look normal.'" *Id.* It also indicated that Williams "declined his dinner meal, which was noted to be 'very atypical,' and that he said he just wanted to see his kids and that his neighboring inmate could have his meal." *Id.*

Defendants "failed to organize, furnish, and/or otherwise 'set up' [Williams'] cell so as to ensure an inmate's ability to access any devices which he may use to commit suicide." Compl. ¶ 35. "Defendants and their agents, assigns, employees, and/or contractors knew or should have known that [Williams] was at risk of killing himself, or at least attempt to do so." *Id.* ¶ 36. "Despite these circumstances, and further despite Defendants having placed [Williams] on 'constant watch,' Defendants failed to monitor him with reasonable care, and failed to ensure that he received necessary mental health care, assessment, and treatment." *Id.* ¶ 37.

On November 24, 2022, Williams "asphyxiated himself in his cell using a bed sheet and clothing in an apparent self-strangulation incident." Compl. ¶ 38. At approximately 7:30 p.m., Williams was found unresponsive in his cell. *Id.* ¶ 39. "'Security staff' was called to open [Williams'] cell door, and eventually opened it after multiple attempts." *Id.* Williams was "cut from the ligature around his neck, and CPR was initiated." *Id.* Emergency medical services were

3

contacted at approximately 7:34 p.m., and arrived at 7:45 p.m. *Id.* Williams was transported to Upstate University Hospital, where he was "subsequently declared to be brai[n] dead and ultimately passed away on November 25, 2022[.]" *Id.*

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Mayor & City Council of Balt. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Although a complaint need not contain detailed factual allegations, it may not rest on mere labels, conclusions, or a formulaic recitation of the elements of the cause of action, and the factual allegations 'must be enough to raise a right to relief above the speculative level.'" *Lawtone-Bowles v. City of New York*, No. 16-cv-4240, 2017 WL 4250513, at *2 (S.D.N.Y. Sept. 22, 2017) (quoting *Twombly*, 550 U.S. at 555). A court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See EEOC v. Port Auth.*, 768 F.3d 247, 253 (2d Cir. 2014) (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. DISCUSSION

The Complaint asserts the following three claims against the named Defendants collectively: (1) wrongful death, survival, and negligence under New York state law; (2) failure to provide medical care in violation of the Eighth and Fourteenth Amendment, pursuant to 42 U.S.C. § 1983; and (3) cruel and unusual punishment in violation of the Eighth and Fourteenth Amendment, pursuant to 42 U.S.C. § 1983. *See* Compl. ¶¶ 40-93.

4

### A.     Cayuga County Mental Health, Cayuga County Jail, and Cayuga County Sheriff's Office

Defendants argue that Cayuga County Mental Health, Cayuga County Jail, and Cayuga County Sheriff's Office should be dismissed because they do not have the legal capacity to be sued as entities separate from Cayuga County. Defendants' Memorandum of Law (Def.'s MOL) at 16-17, Dkt. No. 8-1. In response, Plaintiff asserts that she has "no objection to the dismissal of this action" as to these Defendants. Plaintiff's Memorandum of Law (Pl.'s MOL) at 20, Dkt. No. 12. Accordingly, Defendants' uncontested motion to dismiss Cayuga County Mental Health, Cayuga County Jail, and Cayuga County Sheriff's Office as defendants in this action is granted.

### B.     Sheriff Brian Schenck

Defendants argue that Plaintiff has failed to plausibly allege a claim against Defendant Sheriff Brian Schenck to the extent (1) the Complaint fails to allege Sheriff Schenck's personal involvement in the events giving rise to the lawsuit, and (2) Plaintiff's state-law claims against Sheriff Schenck are time barred. Def.'s MOL at 12-16. In response, Plaintiff asserts that she has "no objection to the dismissal of this action" as against Sheriff Schenck. Pl.'s MOL at 20. Accordingly, Defendants' uncontested motion to dismiss Sheriff Schenck as a defendant in this action is granted.

### C.     42 U.S.C. § 1983

Defendants argue that Plaintiff's constitutional claims brought pursuant to 42 U.S.C. § 1983 should be dismissed because (1) Plaintiff's claims are governed by the Fourteenth Amendment due process clause, as opposed to the Eighth Amendment right to be free from cruel and unusual punishment; (2) Plaintiff failed to plausibly allege a violation of his Fourteenth

Amendment rights; and (3) Plaintiff failed to plausibly allege a *Monell* claim against the municipal defendant. *See* Def.'s MOL at 5-20.

### 1. Eighth Amendment

Defendants maintain that although the Complaint invokes both the Eighth and Fourteenth Amendments, Plaintiff's § 1983 claims are only subject to Fourteenth Amendment analysis because at all relevant times Williams was a pre-trial detainee at Cayuga County Jail. Def.'s MOL at 7-8. In response, Plaintiff argues that because Williams had already been arraigned and held at Cayuga County jail for over five months, he "is not barred from making any claim(s) pursuant to the Eighth Amendment." Pl.'s MOL at 5-6.

There is no dispute that Williams was a pre-trial detainee during the relevant period of his confinement at Cayuga County Jail. Thus, the Eighth Amendment's "cruel and unusual punishment" proscription does not apply to Williams, because he could not be "punished" as a pre-trial detainee. *Cuoco v. Moritsugu*, 222 F.3d 99, 106 (2d Cir. 2000); *see City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983) (holding that where "there had been no formal adjudication of guilt" against pretrial detainee at time he required medical care, "Eighth Amendment has no application"). In *Darnell v. Pineiro*, the Second Circuit explained that because pretrial detainees "have not been convicted of a crime," they "may not be punished in any manner—neither cruelly and unusually nor otherwise." 849 F.3d 17, 29 (2d Cir. 2017) (internal quotation marks omitted). The fact that Williams had been arraigned and held in Cayuga County Jail for a period of months does not alter the analysis, as the relevant inquiry is whether he had yet to be convicted of a crime. Accordingly, because the Eighth Amendment does not apply to pre-trial detainees, Plaintiff's § 1983 claims premised on violations of the Eighth Amendment, including the claim for "cruel and unusual punishment," are dismissed.

### 2. Group Pleading and Personal Involvement

Defendants contend, among other arguments, that the Complaint is largely comprised of impermissible "group pleading" and fails to plausibly allege the personal involvement of any individual defendant. Def.'s MOL at 7-9. After considering the parties' motion papers and concessions, Plaintiff's Fourteenth Amendment medical deliberate indifference claim only remains as against Defendants John/Jane Doe #1 through John/Jane Doe #30 in their individual capacities.[2]

Group pleading is generally impermissible as a violation of Federal Rules of Civil Procedure ("FRCP") notice requirements. *See Ying Li v. City of New York*, 246 F. Supp. 3d 578, 598 (E.D.N.Y. Mar. 31, 2017) ("Pleadings that do not differentiate which defendant was involved in the unlawful conduct are insufficient to state a claim."); *see also Holmes v. Allstate Corp.*, No. 11-cv-1543, 2012 WL 627238, at *7 (S.D.N.Y. Jan. 27, 2012) ("[FRCP] 8(a) is violated where a plaintiff, by engaging in 'group pleading,' fails to give each defendant fair notice of the claims against it."), *report-recommendation adopted*, 2012 WL 626262 (S.D.N.Y. Feb. 27, 2012); *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (explaining that "lumping all the

---

[2] As previously discussed, Plaintiff does not object to the dismissal of the Complaint as against Defendants Cayuga County Mental Health, Cayuga County Sheriff's Office, Cayuga County Jail, and Sheriff Brian Schenck. Plaintiff also concedes that she is not asserting *Monell* liability for purposes of maintaining a § 1983 claim against Defendant Cayuga County. Pl.'s MOL at 18-20. It is less clear whether Plaintiff intends to maintain § 1983 claims against the Doe Defendants in their official capacities. "A § 1983 'official-capacity' claim against a municipal officer 'is treated as an action against the municipality itself,'" that is, as a *Monell* claim. *Polizzi v. Cnty. of Schoharie*, 720 F. Supp. 3d 141, 147 (N.D.N.Y. 2024) (cleaned up). Plaintiff argues that she has "alleged the potential" for a *Monell* claim, but "has not specifically pled" a *Monell* claim "as a separate and distinct cause of action subject to dismissal." Pl.'s MOL at 19. Accordingly, and in light of this Court's ultimate determination that Plaintiff has failed to plausibly allege an underlying constitutional violation to which *Monell* liability could attach, Plaintiff's § 1983 claims against Cayuga County and the Doe Defendants in their official capacities, to the extent pled, are dismissed without prejudice.

defendants together in each claim and providing no factual basis to distinguish their conduct" fails to satisfy minimum "fair notice" standard of FRCP Rule 8).

Furthermore, "the 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Victory v. Pataki*, 814 F.3d 47, 67 (2d Cir. 2016) (quoting *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006)); *see also Warren v. Pataki*, 823 F.3d 125, 136 (2d Cir. 2016); *Littlejohn v. City of New York*, 795 F.3d 297, 314 (2d Cir. 2015). A plaintiff must "allege a tangible connection between the acts of a defendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). As clarified by the Second Circuit, "there is no special rule for supervisory liability" and "a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 676).

It is not necessary for a plaintiff to know the name of a defendant to satisfy the personal involvement requirement and the rule against group pleading. Where a plaintiff does not know the name of a defendant, the plaintiff may identify the defendant in the pleading as John or Jane Doe. *See Little v. Mun. Corp.*, 51 F. Supp. 3d 473, 493-94 (S.D.N.Y. 2014) (dismissing without prejudice excessive force claim asserted against "members of the 'Special Search Team' and 'ESU Officers'" and noting that, "[t]o the extent that [plaintiff] does not know the names of the members of the Special Search Team or ESU Officers involved, he may name 'John Doe' defendants and include as much identifying information as he has knowledge of, for the purpose of filing an amended complaint, should [he] chose to do so"); *Williams v. 120 PCT Undercover*, No. 11-cv-4690, 2011 WL 13128209, at *1 (E.D.N.Y. Oct. 18, 2011) (dismissing complaint without prejudice where plaintiff's claims provided information about the alleged constitutional deprivations, but

were brought against "the 120 Precinct and District 9, a police precinct and district of the New York City Police Department"). However, the pleading must still satisfy the rules governing personal involvement and group pleading as to Doe defendants.

Here, Plaintiff's group pleading fails to plausibly establish the personal involvement of any particular Doe Defendant on the § 1983 deliberate indifference claim, or provide fair notice to the Doe Defendants of the grounds upon which the claims rest. Plaintiff simply identifies the thirty Doe Defendants as names

> intended to designate the deputies, officers employees, staff, agents, assigns, servants, and/or contractors of the Cayuga County Jail and/or the Cayuga County Sheriff's Office, and the nurses, doctors, medical staff, mental health staff, employees, staff, agents, assigns, servants, and/or contractors of the County of Cayuga and/or Cayuga County Mental Health responsible by virtue of employment or contract for providing care, treatment, control, and supervision to [Williams] during the course of his incarceration at the Cayuga County Jail.

Compl. at 1. Plaintiff proceeds to refer to the defendants as a whole when describing the conduct allegedly establishing her § 1983 claims. Such general, all-encompassing allegations are insufficient to state a claim against a "person" as required in a §1983 action. *See Lloyd v. Regisford*, No. 22-cv-03744, 2023 WL 5935756, at *3 (S.D.N.Y. Sept. 12, 2023) (dismissing deliberate indifference claim for failure to plead personal involvement where the plaintiff failed "to allege which Defendants were involved in the deliberate indifference to his medical needs"); *Lainez v. Roycroft*, No. 18-cv-6754, 2019 WL 4934009, at *3 (S.D.N.Y. Oct. 7, 2019) (dismissing deliberate indifference claim for failure to allege personal involvement where the complaint failed "to identify which medical professionals treated him" on sick calls and "[i]nstead . . . lumped together all five defendants and alleged they all were responsible for his misdiagnosis and mistreatment"); *Shand v. Connecticut Dep't of Corr.*, No. 21-cv-523, 2022 WL 503952, at *7 (D. Conn. Feb. 18, 2022) (dismissing deliberate indifference claim where the plaintiff failed to

"identify any particular defendant who treated him or denied a request for treatment" and "merely assume[d] that all the medical staff defendants were aware of his medical issues"). Furthermore, to the extent any of the Doe Defendants operated in a supervisory capacity, it is well-settled that "[a] defendant's position as a supervisor does not impute personal involvement to that individual—liability under Section 1983 requires that the 'defendant, through the official's own individual actions, has violated the Constitution.'" *Fernandez v. Superintendent*, *Downstate Corr. Facility*, No. 20-cv-10287, 2022 WL 443646, at *2 (S.D.N.Y. Feb. 14, 2022) (quoting *Tangreti*, 983 F.3d at 618). Accordingly, Plaintiff's deliberate indifference claims against Defendants John/Jane Doe #1 through John/Jane #30 are dismissed without prejudice.[3]

### D. Supplemental Jurisdiction

Having dismissed all of Plaintiff's federal claims, the Court declines to retain supplemental jurisdiction over Plaintiff's remaining state law claims. *See* 28 U.S.C. § 1367(c)(3); *see also Sekiguchi v. Long*, No. 13-cv-01223, 2013 WL 5357147, at *1 (D. Conn. Sep. 25, 2013) ("[T]he court has an obligation to consider its subject matter jurisdiction sua sponte.") (citing *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006)). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *see also In re Merrill Lynch Ltd. P'ships Litig.*, 154 F.3d 56, 61 (2d Cir. 1998) (stating that the Second Circuit and Supreme Court "have held that when the federal claims are dismissed the 'state claims should be

---

[3] Given that the Court is dismissing Plaintiff's Fourteenth Amendment deliberate indifference claims without prejudice due to improper group pleading and failure to allege personal involvement, the Court does not address the merits arguments raised by Defendants in their motion.

10

dismissed as well'") (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). Accordingly, and upon balance of the relevant factors, Plaintiff's state-law claims are dismissed without prejudice.

### IV.   LEAVE TO AMEND

Plaintiff has not sought leave to amend. Nevertheless, under Federal Rule of Civil Procedure 15(a)(2) a court should "freely give leave [to amend] when justice so requires." *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). Under Rule 15(a), absent certain circumstances not at play here, a party may amend its pleading only with the opposing party's written consent or the court's leave. *See* Fed. R. Civ. P. 15(a)(1)–(2). A court may, in its discretion, deny leave to amend "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *MSP Recovery Claims, Series LLC v. Hereford Ins. Co.*, 66 F.4th 77, 90 (2d Cir. 2023).

Here, Plaintiff may not amend with respect to her Eighth Amendment claims, nor those claims that she has expressly abandoned. The Court will otherwise permit Plaintiff an opportunity to file an amended complaint within thirty days. Any amended complaint will replace the existing complaint; it must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994).

### V.   CONCLUSION

For these reasons, it is hereby

**ORDERED** that Defendants' motion to dismiss, Dkt. No. 8, is **GRANTED,** and it is further

**ORDERED** that Plaintiff's Eighth Amendment cruel and unusual punishment claims are **DISMISSED WITH PREJUDICE,** and it is further

**ORDERED** that Plaintiff's claims against Defendants Cayuga County Mental Health, Cayuga County Sheriff's Office, Cayuga County Jail, and Sheriff Brian Schenck are **DISMISSED WITH PREJUDICE,** and it is further

**ORDERED** that Plaintiff's Fourteenth Amendment deliberate indifference to medical care claims are otherwise **DISMISSED WITHOUT PREJUDICE,** and

**ORDERED** that the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims, and those claims are **DISMISSED WITHOUT PREJUDICE,** and it is further

**ORDERED** that Plaintiff is granted leave to amend to the extent authorized in this Memorandum-Decision and Order, and it is further

**ORDERED** that any amended complaint must be filed within thirty days of the date of this Memorandum-Decision and Order, and it is further

**ORDERED** that, if Plaintiff fails to file an amended complaint within the thirty-day deadline, the Clerk of the Court is respectfully directed to close this case without further order from the Court.

**IT IS SO ORDERED.**

Dated: September 12, 2025

_____
Elizabeth C. Coombe
U.S. District Judge